IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHELLE JOHNSON,

    *Plaintiff*,

    v.

                           Civil Action No. ELH-12-2519

BALTIMORE CITY POLICE
DEPARTMENT,

    *Defendant*.

## MEMORANDUM

Richelle Johnson, plaintiff, a former Baltimore City police officer, initiated an employment discrimination action against the Baltimore City Police Department ("BPD"), defendant.  In her Amended Complaint (ECF 12), plaintiff alleges that the BPD forced her to retire, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*  This Memorandum addresses the Motion to Seal (ECF 16) filed by the BPD in conjunction with its "Motion to Dismiss Plaintiff's Complaint and/or for Summary Judgment" ("Summary Judgment Motion") (ECF 15).  Although plaintiff has not yet filed a response to the BPD's Motion to Seal, a response is unnecessary because, for the reasons that follow, I am unable to grant the Motion to Seal.

In its Motion to Seal, the BPD seeks leave to file under seal its Summary Judgment Motion in its entirety, including all briefing and exhibits.  As justification for this request, the BPD claims confidentiality under Maryland law as to information drawn from plaintiff's personnel file and the personnel files of six other officers who plaintiff identifies as similarly situated comparators, which is critical to the BPD's argument in its Summary Judgment Motion.  It also asserts that BPD General Order Q-23 and other departmental policies, also at issue in

connection with the Summary Judgment Motion, are "potentially" protected from public disclosure under state law.

Local Rule 105.11 requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." In ruling on a motion to seal, the "district court must . . . weigh the appropriate competing interests" in public access on the one hand and confidentiality on the other, "under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request;[1] it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (internal citations omitted), *cert. denied*, 544 U.S. 949 (2005). In order to "weigh the appropriate competing interests," *id.*, a district court must first "determine the source of the [public] right of access with respect to each document" at issue, because "only then can it accurately weigh the competing interests at stake." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988).

Generally speaking, there are two sources of a public right of access to court documents. First, the common law "presumes the right of the public to inspect and copy all judicial records and documents." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively

---

[1] The public notice and opportunity to challenge requirements have not yet been met here, because the Motion to Seal has been on the docket for only a few days. However, this is immaterial because even after satisfaction of the requirement for public notice, the Motion to Seal would be deficient as currently submitted, for the reasons explained *infra*.

open."). The common law right of access can be abrogated, however, in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

Second, there is a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents but is more demanding of public disclosure than the common law public right of access. *Rushford*, 846 F.2d at 253. The more narrow class of documents to which the First Amendment right of access applies includes documents "made part of a dispositive motion" in a civil case. *Va. Dep't of State Police*, 386 F.3d at 576 (citing *Rushford*, 846 F.2d at 253). If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180 (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)); *see also Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 581-82 (E.D. Va. 2009) (recognizing that, although the Fourth Circuit has not expressly identified any basis to defeat the First Amendment public right of access other than a compelling governmental interest, other courts and the Fourth Circuit in an unreported decision have suggested that a property interest in trade secrets "might, depending on the circumstances of the case, suffice to override the strong First Amendment presumption of public access").

Here, the documents at issue have been submitted in connection with a summary judgment motion—indeed, one of the documents at issue is the BPD's Summary Judgment Motion itself. Accordingly, the more stringent First Amendment public right of access applies. *See Rushford*, 846 F.2d at 252 ("'[D]ocuments used by parties moving for, or opposing,

summary judgment should not remain under seal absent the most compelling reasons.'") (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)); *accord Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006).

In my view, the BPD's Motion to Seal fails to articulate an adequate basis to overcome the First Amendment public right of access. The core of the BPD's request for sealing is its assertion that matters drawn from the personnel files of plaintiff and her comparator officers are confidential under Maryland law. To support this assertion, defendant cites provisions of the Maryland Public Information Act ("MPIA"), Md. Code (2009 Repl. Vol., 2012 Supp.), §§ 10-611 *et seq.* of the State Government Article ("S.G."). The MPIA is Maryland's analog to the federal Freedom of Information Act ("FOIA"). The MPIA codifies the ideal of open government that "[a]ll persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees." S.G. § 10-612(a). To that end, the MPIA states that, "[e]xcept as otherwise provided by law, a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time," S.G. § 10-613(a)(1), and that "[i]nspection or copying of a public record may be denied only to the extent provided" by the MPIA. S.G. § 10-613(a)(2).

However, the MPIA contains a number of exceptions to the general requirement of public access. Defendant argues that the information at issue comes within the exception under S.G. § 10-616(i), which mandates denial of public inspection of a "personnel record of an individual," and the exception under S.G. § 10-618(f), which permits denial of public inspection of a records of an "investigation," under certain circumstances.[2]

---

[2] A given record can simultaneously be subject to both the mandatory "personnel records" exception and the permissive "investigations" exception. *See Md. Dept. of State Police v. Md. State Conf. of NAACP Branches*, ___ Md. ___, No. 41, Sept. Term 2010, slip op. at 14, 2013 WL 265074, at *7 (Jan. 24, 2013) ("[T]he fact that the requested records in this case might

The records from the officers' personnel files, in the form submitted by defendant, clearly constitute "personnel records" within the meaning of the MPIA. Although there is "no statutory definition of 'personnel records' in the Maryland Public Information Act," the Maryland Court of Appeals consistently has held that the term refers to records relating to "an employee's 'hiring, discipline, promotion, dismissal, or any matter involving his status as an employee.'" *Montgomery County v. Shropshire*, 410 Md. 362, 378-79, 23 A.3d 205, 215 (2010) (quoting *Governor v. Washington Post*, 360 Md. 520, 547, 759 A.2d 249, 264 (2000)); *see also Shropshire*, 410 Md. at 378-82, 23 A.3d at 215-17 (cataloging case law concerning "personnel records" exception in MPIA).[3] The records at issue relate to the various officers' assignments to "limited duty" for medical reasons and the BPD's subsequent directives to some of the officers either to file for retirement (potentially including disability pension benefits) or to resign from employment with the BPD. On their face, the records concern matters involving each officer's "'status as an employee,'" *Shropshire*, 410 Md. at 379, 23 A.3d at 215 (citation omitted), and therefore qualify as "personnel records" under S.G. § 10-616(i).

---

have been covered by § 10-618(f) would not preclude their status as personnel records covered by § 10-616(i)."). However, it is not at all obvious that the records at issue are records of an "investigation" under S.G. § 10-618(f), or that any of the circumstances permitting discretionary nondisclosure of investigatory records, *see* S.G. § 10-618(f)(2)(i)-(vii), are applicable here. The BPD offers no argument or analysis in support of its assertion that the records are subject to S.G. § 10-618(f). I need not resolve this issue because my analysis under the "personnel records" exception under S.G. § 10-616(i) is sufficient to dispose of the request for sealing.

[3] Nevertheless, "personnel records" do not encompass all records that happen to involve an employee. For instance, the term does not encompass parking tickets issued to a state university employee, *see Kirwan v. The Diamondback*, 352 Md 74, 83, 721 A.2d 196, 200 (1998), scheduling and telephone records of the Governor of Maryland and his staff, *see Governor*, 360 Md. at 548, 759 A.2d at 264, or aggregated data regarding complaints of racial profiling by state troopers. *See Md. Dept. of State Police v. Md. State Conf. of NAACP Branches*, 190 Md. App. 359, 369, 988 A.2d 1075, 1080-81, *aff'd on other grounds*, ___ Md. ___, No. 41, Sept. Term 2010, 2013 WL 265074 (Jan. 24, 2013).

I assume, without deciding, that the State of Maryland's governmental interest in the confidentiality of "personnel records," embodied in S.G. § 10-616(i), is sufficiently compelling to justify a narrowly tailored sealing request, so as to overcome the First Amendment public right of access. Nevertheless, I must deny the BPD's Motion to Seal because the BPD's sealing request is not narrowly tailored. In addition to the personnel records at issue, in their entirety, the BPD seeks the sealing of all of its other exhibits (including departmental policies that, as I will explain, are not subject to sealing), and its Summary Judgment Motion and memorandum in support thereof. Moreover, the BPD has failed to convince me that less drastic "alternatives to sealing would not provide sufficient protection." Local Rule 105.11; *see Va. Dep't of State Police*, *supra*, 386 F.3d at 576 (requiring district court to "consider less drastic alternatives to sealing"). In the Motion to Seal, the BPD asserts conclusorily that "[a]lternatives to sealing . . . would not provide sufficient protection," ECF 16 ¶ 10, but the BPD provides no evidence, authority, or analysis in support of this claim.

I am convinced that redaction of the comparator officers' personnel records would provide sufficient protection of confidentiality interests. This is especially so because the Maryland Court of Appeals's recent decision in *Maryland Department of State Police v. Maryland State Conference of NAACP Branches*, *supra*, ___ Md. ___, No. 41, Sept. Term 2010, 2013 WL 265074 (Jan. 24, 2013) ("*State Police v. NAACP*"), indicates that, once a record has been appropriately redacted to remove information that could connect a record to a particular "individual" employee, the redacted record is no longer a "personnel record of an individual" within the meaning of S.G. § 10-616(i).

The *State Police v. NAACP* case was an offshoot of long-running litigation in this court, *see Wilkins v. Maryland State Police*, Civ. No. 93-468 (D. Md.); *Md. State Conf. of NAACP*

*Branches v. Md. Dept. of State Police*, Civ. No. 98-1098 (D. Md.), in which the plaintiffs and the Maryland State Police entered into consent decrees designed to address persistent complaints of racial profiling in traffic stops performed by Maryland state troopers.[4]  In *State Police v. NAACP*, the plaintiffs submitted a request under the MPIA to the State Police for records that the plaintiffs contended would assist them in verifying the State Police's compliance with the federal consent decrees.  *See State Police v. NAACP*, slip op. at 1, 2013 WL 265074, at *1.  The MPIA request sought, among other records, the following category of documents:

> "'All documents obtained or created in connection with any complaint of racial profiling, including but not limited to any complaint filed with or investigated by the . . . [Maryland State Police's] Department of Internal Affairs, including all complaints filed, all documents collected or created during the investigation of each complaint, and all documents reflecting the conclusion of each investigation.'"

*Id.*, slip op. at 2, 2013 WL 265074, at *1 (quoting request).

The State Police contended that the records at issue were "personnel records" exempt from public disclosure under S.G. § 10-616(i), and denied the MPIA request on that basis.  *Id.*. slip op. at 2-3, 2013 WL 265074, at *1-2.  The plaintiffs initiated suit in Maryland circuit court, pursuant to the MPIA's judicial review provisions, *see* S.G. § 10-623, to compel disclosure of the documents.  The circuit court agreed with the State Police that, in unredacted form, the documents at issue were "personnel records" under S.G. § 10-616(i), because the records identified the individual state troopers that were the subjects of the racial profiling complaints. *Id.*, slip op. at 4-5, 2013 WL 265074, at *2-3.  However, the circuit court ordered the State Police to provide certain records to the plaintiffs pursuant to a procedure for redaction of individually identifying information from the documents.  *Id.*  The State Police appealed to the Maryland

---

[4] The first named plaintiff in *Wilkins*, the Hon. Robert L. Wilkins, was then an attorney and now serves as a judge on the United States District Court for the District of Columbia.

Court of Special Appeals, which heard the case *en banc* and affirmed the circuit court.[5]  *Id.*, slip op. at 6, 2013 WL 265074, at *3.  A majority of the *en banc* court held that the records at issue, even in unredacted form, were not "personnel records" under S.G. § 10-616(i), and thus were subject to disclosure.  *See* 190 Md. App. at 378, 988 A.2d at 1086.  After granting the State Police's petition for certiorari, the Maryland Court of Appeals affirmed, but "on different grounds than those relied upon by the Court of Special Appeals."  *State Police v. NAACP*, slip op. at 11, 2013 WL 265074, at *5.  The Court of Appeals stated that there was "no occasion to express any opinion in this case as to whether the unredacted records would be exempt from disclosure under § 10-616(i)," *id.*, slip op. at 16, 2013 WL 265074, at *7, because the circuit court had not ordered production of the unredacted records; rather, it had ordered the State Police to divulge the records with redactions.

The Court of Appeals held that, after redaction of individually identifying information, the records could no longer be considered "personnel record[s] of an individual" within the meaning of S.G. § 10-616(i), even if they were "personnel records" in their unredacted form.  The court said: "After the names of State Police troopers, the names of complainants, and all identifying information are redacted, the records clearly do not fall within the statutory language of 'record[s] of an individual.'  (§ 10-616(i)).  There would be no 'individual' identified in the redacted records."  *Id.*, slip op. at 17, 2013 WL 265074, at *8.

The Court of Appeals drew support for this interpretation from S.G. § 10-614(b)(3)(iii), which provides expressly for disclosure of redacted records.  S.G. § 10-614(b)(3)(iii) directs that when a request for disclosure of records under the MPIA is denied, the custodian shall "permit inspection of any part of the record that is subject to inspection and is reasonably severable."

---

[5]  Although I was a member of the Court of Special Appeals at the time, I did not participate in the *en banc* panel.

According to the Court of Appeals, the "plain language of . . . [section] 10-614(b)(3)(iii) authorizes redactions so that the applicant can receive portions of an exempt record which are severable and the receipt of which does not violate the substance of the exemption." *State Police v. NAACP*, slip op. at 18, 2013 WL 265074, at *8. The court reasoned that, "[i]f a record falling within one of the [MPIA's] exemptions is redacted in accordance with § 10–614(b)(3)(iii)," it is no longer exempt from public disclosure, because otherwise, "no effect whatsoever would be given to § 10-614(b)(3)(iii)." *Id.*

It follows from *State Police v. NAACP* that the governmental interest in confidentiality of an unredacted "personnel record of an individual" under S.G. § 10-616(i) abates once any individually identifying information has been redacted from the record in question. Accordingly, the BPD has not persuaded me that redaction is an inadequate alternative to sealing. On the basis of the BPD's arguments in the Motion to Seal, I see no reason that the records of the comparator officers could not be redacted and referred to by pseudonym (for instance, "Officer A," "Officer B," etc.) in the exhibits and the briefing as to the BPD's Summary Judgment Motion.[6]

Of course, as to plaintiff's own personnel records, redaction of all individually identifying information is not a realistic option—the records are relevant precisely because they pertain individually to plaintiff. But, an individual's own personnel records are not exempt from disclosure to that individual. *See* S.G. § 10-616(i)(2)(i). Arguably, plaintiff has waived any interest in the confidentiality of her own personnel records that are relevant to her alleged forced retirement by challenging the BPD's employment decisions in court, thereby placing her personnel records in issue. *Cf. Koch v. Cox*, 489 F.3d 384, 389-90 (D.C. Cir. 2007) (observing that evidentiary privileges otherwise enjoyed by a plaintiff are waived when the plaintiff files a

---

[6] I realize that plaintiff mentioned the comparator officers by name in her Amended Complaint. Nevertheless, the matter could be briefed in such a way that a specific comparator officer's name could not be matched with his or her pseudonym.

suit that necessarily depends on disclosure of the privileged information, *e.g.*, implied waiver of psychotherapist-patient privilege where plaintiff seeks emotional distress damages).  The BPD has not suggested a reason that there is a compelling governmental interest in confidentiality of an individual's personnel records where that individual's own interest in confidentiality has been waived.   Indeed, the BPD has not separately analyzed the issue of plaintiff's personnel records as distinct from those of the comparators.

Because the Motion to Seal is deficient in other respects, I will deny it without ruling as to the issue of plaintiff's personnel records.  If the BPD files a renewed motion to seal, it should explain in further detail why plaintiff's personnel records in particular should be filed under seal.[7]

Finally, I address the issue of BPD General Order Q-23 and the other departmental policies at issue.  With regard to these policies, the BPD states: "Furthermore, BPD General Orders regarding Light Duty, Suspensions, Secondary Employment and Overtime are *potentially* protected from public disclosure under [S.G.] § 10-618(b) . . . (governing interagency documents that would not be available to a private party in litigation).  Outside of disclosure as a part of litigation, BPD would normally resist disclosing documents governing its internal procedures." Motion to Seal ¶ 6 (emphasis added).  This equivocal statement is the sum total of the BPD's argument as to why the departmental policies should be filed under seal.

S.G. § 10-618(b), on which the BPD relies, states: "A custodian may deny inspection of any part of an interagency or intra-agency letter or memorandum that would not be available by law to a private party in litigation with the unit."  The Maryland Court of Appeals addressed S.G.

---

[7] In the event that the BPD files a renewed motion to seal as to plaintiff's personnel records, plaintiff will be free to present argument either in support of or in opposition to the request for sealing.

§ 10-618(b) in *Office of the Governor v. Washington Post Co.*, 360 Md. 520, 551-52, 759 A.2d

249, 266 (2000):

> This permissible exemption for interagency and intra-agency letters or
> memoranda to some extent reflects that part of the executive privilege doctrine
> encompassing letters, memoranda or similar internal government documents
> containing confidential opinions, deliberations, advice or recommendations from
> one governmental employee or official to another official for the purpose of
> assisting the latter official in the decision-making function.   *Cranford v.*
> *Montgomery County*, . . . 300 Md. [759,] 772-774, 481 A.2d [221,] 227-228
> [(1984)].   *See also Hamilton, Superintendent v. Verdow*, . . . 287 Md. [544,] 553-
> 562, 414 A.2d [914,] 920-924 [(1980)].
>
> *   *   *
>
> Under the language of the federal Freedom of Information Act, 5 U.S.C.
> § 552(b)(5), which contains an exemption for interagency or intra-agency
> memoranda or letters and which is worded the same as § 10-618(b) of the
> Maryland Act, the courts have held that the exemption is limited to documents
> created by government agencies or agents, or by outside consultants called upon
> by a government agency "to assist it in internal decisionmaking." *County of*
> *Madison v. United States Dep't of Justice*, 641 F.2d 1036, 1040 (1st Cir. 1981).

"[A]ccordingly," S.G. § 10-618(b) "protects documents normally privileged in the civil

discovery context." *Prince George's County v. Washington Post Co.*, 149 Md. App. 289, 320,

815 A.2d 859, 877 (2005) (citing *FTC v. Grolier, Inc.*, 462 U.S. 19, 26 (1983), and *NLRB v.*

*Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975)).   Interpreting the federal FOIA analog to S.G.

§ 10-618(b), the Fourth Circuit has said that the exemption "encompasses . . . the attorney-client

privilege, the attorney-work product privilege, and the deliberative process privilege," and "is

'designed to protect the quality of administrative decisionmaking by ensuring that it is not done

"in a fishbowl."'" *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 371 (4th Cir. 2009)

(citations omitted).   With respect to the deliberative process privilege, the Court said: "the

privilege will encompass 'recommendations, draft documents, proposals, suggestions, and other

subjective documents which reflect the personal opinions of the writer *rather than the policy of*

*the agency*.'" *Id.* at 373 (citation omitted) (emphasis added).

In other words, the exemption protects documents that are drafted by or on behalf of an agency in the process of formulating a policy. It does not protect documents that constitute the official statement of the policy after it has been promulgated. Thus, the departmental policies at issue are outside the purview of S.G. § 10-618(b). Indeed, the BPD's statement that it "would normally resist disclosing" such documents "[o]*utside of disclosure as a part of litigation*," Motion to Seal ¶ 6 (emphasis added), is self-defeating. By its own terms, S.G. § 10-618(b) applies only to documents that "*would not be available* by law to a private party in litigation with the unit." (Emphasis added.) If the BPD would have no basis to resist disclosure of the documents under privilege rules in litigation—and the BPD has not asserted any applicable privilege—S.G. § 10-618(b) does not apply.

With respect to General Order Q-23 in particular, the BPD's request for sealing is plainly unwarranted. General Order Q-23 is a formal BPD policy that provides that "[t]here are no permanent limited/light-duty positions within the [BPD]," but establishes a procedure for temporary assignment to light duty, lasting no more than a year in duration, for temporarily disabled officers. General Order Q-23 forms the core of the BPD's basis for its Summary Judgment Motion. In the Summary Judgment Motion, the BPD relies extensively on Judge Richard D. Bennett's decision in *Allen v. Hamm*, Civ. No. RDB-05-879, 2006 WL 436054, 2006 U.S. Dist. LEXIS 6707 (D. Md. Feb. 22, 2006), in which he rejected the challenge by several Baltimore City police officers to the implementation of General Order Q-23. General Order Q-23 was quoted and discussed at length in the *Allen* opinion, and General Order Q-23 itself was submitted by the BPD as an exhibit on the public docket, without any request for sealing. Notably, it remains accessible to the general public to this day. *See* ECF 8-3 in RDB-05-879. Accordingly, the BPD's request for sealing of General Order Q-23 is particularly lacking in

merit, as the BPD has surely waived any confidentiality protection for the order that could conceivably exist by previously disclosing the order in the public records of this court.

For the foregoing reasons, I will deny the Motion to Seal.  I anticipate that the BPD will submit, in response to this ruling, a revised version of its Summary Judgment Motion, along with redacted exhibits, and (potentially) a renewed motion to seal.  Therefore, I will direct the Clerk to strike the Summary Judgment Motion and its accompanying exhibits, without prejudice to the BPD's right to renew its summary judgment motion, and to flag ECF 15 as accessible only to court users.  I will grant the BPD leave to file a renewed motion to dismiss and/or for summary judgment or, alternatively, an answer to the Amended Complaint, within 14 days.  An Order implementing my ruling follows.

Date:   February 7, 2013                              _____/s/_____
                                                                          Ellen Lipton Hollander
                                                                          United States District Judge